IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Michael E. Hegarty**

Civil Action No. 09-cv-00890-MEH-MJW

TURF MASTER INDUSTRIES, INC., and
SHERYL GLASGOW,

      Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS FOR EL PASO COUNTY, COLORADO,
GAYLE JACKSON, in her individual and official capacities, and
WILLIAM LOUIS, in his individual and official capacities,

      Defendants.

---

## ORDER ON MOTION FOR RECONSIDERATION
---

Pending before the Court is Plaintiffs' Motion for Reconsideration [filed September 30, 2009; docket #37]. Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of the United States Magistrate Judge. The matter is briefed[1], and oral argument will not materially assist the Court in resolving the motion. The Court orders that, for the reasons stated herein, the motion is **denied**.

Plaintiffs bring their motion under Federal Rule of Civil Procedure 59(e), which has been construed to allow reconsideration on three bases: (1) an intervening change in the controlling law; (2) the discovery of new evidence that was previously unavailable; or (3) the need to correct clear

---

[1] The Plaintiffs did not file a reply to the Defendants' response to the within motion.

1

error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* Plaintiffs request reconsideration under the third prong.

The facts of this case are set forth in detail in this Court's past orders; therefore, a recitation of the facts here is not necessary. On September 15, 2009, this Court granted Defendants' Motion to Dismiss and dismissed all of the Plaintiffs' claims in this action. Docket #30. Essentially, the Court found that it lacked subject matter jurisdiction to hear certain of the Plaintiffs' constitutional claims pursuant to the *Rooker-Feldman* doctrine. Specifically, the Court found that "any attempt by Plaintiffs to seek return of, or economic damages for the loss of, their property as a result of enforcement of the El Paso County Land Development Code is barred by *Rooker-Feldman*, since such attempt would seek review of the state court decisions in this matter." *Id.* at 13. At the same time, "any claims raised by Plaintiffs alleging that they were targeted by Defendants, whether based on discrimination or retaliation, for selective enforcement of the Code (*i.e.*, determining to file the complaint and contempt citation, heightened scrutiny, air surveillance, etc.) are not barred by the doctrine, since such claims would be identical had the state courts not enjoined the Plaintiffs from using their property for the landscape business nor cited the Plaintiffs for improper use." *Id.* at 14.

Plaintiffs contend that the Court misapplied the *Rooker-Feldman* doctrine to the facts since "Plaintiffs seek damages for prospective relief not due to enforcement of the development code but due to the Defendants' improper and selective violation of the code despite the ruling by the Colorado Court of Appeals affirming Defendants [sic] right to operate a wholesale nursery on the

property." Docket #37 at 2. However, the Plaintiffs appear to misunderstand the Court's order – the Court, in fact, found that Plaintiffs' claims for prospective relief for the Defendants' alleged selective enforcement (whether based on discrimination or retaliation) were <u>not</u> barred by the doctrine. Thus, the Court finds no error in its analysis of the application of the *Rooker-Feldman* doctrine in this case.

In addition, the Plaintiffs argue that the Court erred in finding their remaining claims are barred by the statute of limitations, since the Defendants have engaged in overt acts of discrimination or have failed to act to reverse discrimination within the last two years. However, the Plaintiffs provide no authority for their propositions that the receipt of payments of fines or a failure to act to reverse prior conduct constitute "overt acts" necessary to overcome a statute of limitations challenge. Nevertheless, these arguments were either raised or should have been raised in the briefing on the Motion to Dismiss and, thus, are not appropriately raised in a motion for reconsideration under Rule 59(e). *Servants of the Paraclete*, 204 F.3d at 1012.

Based upon the foregoing, it is ORDERED that Plaintiffs' Motion for Reconsideration [<u>filed September 30, 2009; docket #37</u>] is **denied**.

DATED this 27th day of November, 2009, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge